## WHALEN v. TIPTON.

(50 Pac. 1016.)

FRAUDULENT REPRESENTATION—MISTAKE—RESCISSION.—In order to constitute fraud such as will justify a rescission of a contract, the act or omission by which the alleged undue advantage is claimed to have been obtained must have been willful and intentional.

From Lane: J. C. FULLERTON, Judge.

For appellants there was a brief over the name of *Bilyeu & Young*, with an oral argument by *Mr. L. Bilyeu*

For respondents there was a brief and an oral argument by *Mr. J. R. Cunnyngham.*

PER CURIAM. This is a suit by W. H. and Jennie
M. Whalen against Mahala and John E. Tipton to
cancel a deed executed by the plaintiffs on December
29, 1894, conveying to the defendants forty acres of
land in Lane County, in exchange for lots one and
two, in block five, of West Tabor Villa, in the City of
Portland, on the ground that the plaintiffs were in-
duced to make such exchange by the false and fraud-
ulent representations of the defendant J. E. Tipton as
to the amount then due upon a mortgage on the Port-
land property. In our opinion, this allegation is not
supported by the testimony. The most can be claimed
from the evidence is that, pending the negotiations,
the defendant J. E. Tipton stated to the plaintiffs that
there was in the neighborhood of $400 due on the
mortgage, according to a pass book which he had
showing the payments he made thereon, and that at
the time the trade was consummated he said they
owed but $334 thereon, when in truth and in fact
there was about $683 due. But this is not enough to
constitute fraud. It is a necessary ingredient of fraud,
even in equity, that the act or omission by which the
undue advantage is obtained should be willful and in-
tentional. A mere mistake is not sufficient: 2 Pome-
roy's Equity Jurisprudence, § 873. Now, there is no
evidence whatever to show that defendant's statement
as to the amount due on the mortgage was willfully
or designedly made, or that it was not made in the
utmost good faith, and with an honest belief that it
was true. The trade was sought by the plaintiffs,
and he informed them, at the time, of the nature of
the mortgage on the property, and the names of the

mortgagee and its agent in Portland, so that they could have ascertained the exact amount due thereon if they had so desired. He concealed nothing from them in this regard. After examining the property, and satisfying themselves in relation thereto, the plaintiffs signified their willingness to make the exchange, and on their invitation the . defendants went from Portland to Lane County, for the purpose of examining their property, and after some further negotiations they finally agreed to make the exchange. At the request of the plaintiffs, the defendants wrote to Portland for the pass book, which shows the amount and date of all payments made on the mortgage, and also for a certificate from the agent of the mortgagee to the same effect. After the receipt of this book and certificate, and after an estimate of the amount due on the mortgage had been made at plaintiffs' request by a disinterested party, the exchange was consummated. There is no pretense but what all the payments which had been made on the mortgage were correctly shown on the book, and the plaintiffs were just as competent to estimate the amount due as the defendants. It was from this book the defendant J. E. Tipton obtained the information upon which he based his opinion, and it was from the results of calculations made therefrom that all parties supposed that only $334 remained due on the mortgage. The mortgage in question was one given to the Guarantee Saving and Loan Association, September 15, 1890, by the then owner of the property, to further secure the payment of an advancement of $1,100 made to him by the company on eleven shares of its stock, and by its

terms provided for a monthly payment of $8.25 on the stock, besides interest at the rate of 6 per cent. per annum, and a premium of 7 per cent. per annum on the principal sum named in the mortgage. The system under which it was given, and upon which these payments were to be made, was such that no one but an expert could estimate with any reasonable degree of accuracy the amount due on the mortgage, and the error into which the parties in this case seem to have fallen was but natural, yet it was not the result of any fraud or deceit on the part of the defendants. The decree of the court below must therefore be reversed, and the complaint dismissed.

REVERSED.